IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT BLUEFIELD

**HERSCHEL K. SANSON,**

    **Petitioner,**

v.                                      CIVIL ACTION NO. 1:05-00167
                                        CRIMINAL NO. 1:01-00212-001

**UNITED STATES OF AMERICA,**

    **Respondent.**


                           <u>**MEMORANDUM OPINION**</u>

    On February 23, 2005, petitioner filed a petition under 18 U.S.C. § 2255 contending that the term of incarceration that was imposed upon him on March 21, 2002 was unconstitutional.[1]  (<u>See</u> Doc. No. 1.)  Petitioner argues that he is being held in violation of the United States Constitution due to ineffective assistance of counsel at his sentencing.  (<u>See</u> <u>Id.</u>)

    28 U.S.C. § 1915A(a) directs courts to review complaints filed by prisoners against the government "before docketing, if feasible or . . . as soon as practicable after docketing" to ascertain whether they contain valid claims.  Section 1915A(b)(1) directs the court to dismiss any complaint, or portions of any complaint, which contain claims that are "frivolous, malicious,

---

[1] By Standing Order, this case was initially referred to a magistrate judge for preparation of proposed findings and recommendation as to disposition.  (Doc. No. 5.)  To expedite this case's disposition, the court hereby **VACATES** the Standing Order, only as applied to this case.

or fail[] to state a claim upon which relief may be granted."
Id.

A search of the records of the Bureau of Prisons indicates that petitioner has been released as of the date of this opinion. Petitioner's case must fail because he has been released from prison. As such, by accompanying Judgment Order, petitioner's claim seeking release from prison is moot, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that a "collateral consequence" of conviction must exist after a prisoner's release in order for her to continue to maintain a challenge to her confinement); Lopez v. Fed. Bureau of Prisons, 2006 WL 219607, *1 (D.P.R. 2006). Additionally, petitioner's motion for bond or conditional writ pending final resolution of his motion to vacate or set aside his sentence (Doc. No. 3) must also be dismissed as moot.

Because this case fails to state a claim upon which relief can be granted, in an accompanying Judgment Order, the court: (1) **DISMISSES** petitioner's petition to vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 136); (2) **DISMISSES** petitioner's petition for bond or conditional writ; and (3) **DIRECTS** the Clerk to remove this action from the active docket of this court and to forward a certified copy of this Memorandum Opinion to all counsel of record and the petitioner, pro se.

IT IS SO ORDERED this 19th day of December, 2006.

                        ENTER:

                        David A. Faber
                        Chief Judge